# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DONTAVIOIUS MATTHEWS, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:19-CR-0221-TWT-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:23-CV-2133-TWT-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Dontavious Matthews' pro se amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 189], and the government's response, [Doc. 192]. For the reasons that follow, it is **RECOMMENDED** that this § 2255 motion be **DISMISSED** as time barred.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a four-count indictment against Matthews and one co-defendant, charging Matthews in Count One with Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2, and in Count Two with brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. [Doc. 1]. Matthews proceeded to a jury

trial, [Docs. 134; 135; 136; 137], and the jury found him guilty of Count One, [Doc. 139].  A mistrial was declared on Count Two.  [Doc. 137].

After trial, Matthews and the government negotiated a sentencing agreement wherein the government agreed to recommend a sentence within the adjusted sentencing guidelines range, and Matthews waived his right to appeal and collaterally attack his conviction and sentence.  [Doc. 160].  At sentencing, the government read the sentencing agreement, including the appeal waiver provision, into the record.  [Doc. 191 at 19-20].  On December 2, 2021, the Court entered judgment sentencing Matthews to 112 months of imprisonment.  [Doc. 159]. Matthews did not file a direct appeal.

Matthews submitted this pro se collateral attack on his sentence on May 2, 2023.[1]  [Doc. 186].  In his amended § 2255 motion, Matthews argues that the Court should not have credited testimony that he told a witness to falsely report a vehicle as stolen and challenges the use of his criminal history as a basis to increase his

---

[1] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing. 28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

2

sentence. [Doc. 189 at 4]. The government responds, in pertinent part, that Matthews's § 2255 motion is time-barred.[2] [Doc. 192 at 5-8].

## II. DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] The Court need not address in detail the government's alternative arguments since Matthews's § 2255 motion clearly is time barred, but notes that the government correctly contends that: (1) Matthews's motion is barred by his valid appeal waiver, as it is clear from the record that he understood the full significance of the waiver, [Doc. 160 at 4-6; Doc. 191 at 6, 19-20, 40], Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005); and (2) Matthews's grounds for relief are also procedurally defaulted because he failed to raise them on direct appeal and has not alleged cause and prejudice or actual innocence to excuse the default, McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs (2) through (4) of § 2255(f) apply.

Matthews's conviction became final, for purposes of § 2255(f)(1), on December 16, 2021. See Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within fourteen days after the written judgment of conviction is entered on the criminal docket); see also Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires.") (citation omitted). Because Matthews did not file his § 2255 motion until May 2, 2023, approximately one year and four and a half months after his conviction became final, it was not timely under § 2255(f)(1).

"The statute of limitations can be equitably tolled where a petitioner 'untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007) (per curiam) (citation omitted). Matthews contends that the statute of limitations should not bar this motion because he was in solitary confinement at Lee State Prison for six months and due to COVID-19 lockdowns. [Doc. 189 at 11]. Matthews does not provide the dates that he was in solitary

4

confinement or when his facility was on lockdown and has not alleged any facts to show that he acted with due diligence. See Ilarion v. Crosby, 179 F. App'x 653, 654 (11th Cir. 2006) (per curiam) (finding that petitioner was not entitled to equitable tolling of the limitations period because he failed to meet his burden to present evidence to the court to show that he acted with due diligence). Moreover, "restricted access to a law library, lock-downs, and solitary confinement do not qualify as ordinary circumstances warranting equitable tolling," Miller v. Fla., 307 F. App'x 366, 368 (11th Cir. 2009) (per curiam), and several courts have held that "delays due to COVID-19 are not extraordinary circumstances for the purposes of equitable tolling," Washington v. United States, No. CR417-115, 2022 WL 3273284, at *2 (S.D. Ga. July 13, 2022), report and recommendation adopted, No. CV 420-312, 2022 WL 3260817 (S.D. Ga. Aug. 10, 2022). See also Wilson v. United States, No. 1:18-CR-610-KOB-HNJ, 2022 WL 17541010, at *3 (N.D. Ala. Dec. 8, 2022) ("The mere inability of Wilson to access the law library or computer during the COVID-19 lockdowns is not, standing alone, an unconstitutional impediment for purposes of § 2255(f)(2)."). Accordingly, Matthews has not shown that equitable tolling is warranted. Additionally, Matthews has not alleged actual innocence. See Banks v. United States, 770 F. App'x 946, 948 (11th Cir. 2019) (per curiam) (A plea of actual innocence can overcome the one-year limitations

5

period for filing a § 2255 motion if the movant presents "new, reliable evidence that he is factually innocent of the crime[s] of conviction." (citing Schlup v. Delo, 513 U.S. 298, 324 (1995))). Therefore, Matthews's § 2255 motion is due to be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Matthews's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this § 2255 motion be **DISMISSED** as time barred and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 31st day of July, 2023.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE